IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| "Gabrielle Doe" | * |
| c/o Murtha, Psoras & Lanasa, LLC | * |
| 1301 York Road, Suite 200 | * |
| Lutherville, Maryland  21093 | * |
| | * |
| *On behalf of Herself and* | * |
| *All others Similarly situated* | * |
| | * |
| Plaintiff[1] | * |
| | * |
| v. | * |
| | * |
| THE NEW RITZ, INC. | *   Case No.:_____ |
| D/B/A RITZ CABARET GENTLEMEN'S CLUB | * |
| 504 South Broadway Street | * |
| Baltimore, Maryland  21231 | * |
| | * |
| *Serve R/A:* Patrick Curran | * |
| 11433 Pulaski Highway | * |
| White Marsh, Maryland  21162 | * |
| | * |
| and | * |
| | * |
| RITZ OF BALTIMORE, INC. | * |
| D/B/A RITZ CABARET GENTLEMEN'S CLUB | * |
| 504 South Broadway Street | * |
| Baltimore, Maryland  21231 | * |
| | * |
| *Serve R/A*: Gary R. Maslan, Esq. | * |
| 7508 Eastern Avenue | * |
| Baltimore, Maryland 21224 | * |
| | * |
| and | * |
| | * |
| O.I. ENTERPRISES, INC. | * |
| D/B/A RITZ CABARET GENTLEMEN'S CLUB | * |
| 504 South Broadway Street | * |
| Baltimore, Maryland  21231 | * |
| | * |
| *Serve R/A:* Patrick Curran | * |
| 11433 Pulaski Highway | * |

---

[1] To avoid retaliation, Plaintiff has used an alias and the address of her counsel in the case caption.

        White Marsh, Maryland  21162  \*

and

OMID ILKHAN
504 South Broadway Street
Baltimore, Maryland 21231

and

JOSEPH J. SOLTAS
38935 John Wolford Road
Waterford, Virginia 20197

and

DAVID HITCHINER
2426 Fait Avenue
Baltimore, Maryland 21224

and

ARI COHEN
c/o RITZ CABARET GENTLEMEN'S CLUB
504 South Broadway Street
Baltimore, Maryland  21231

and

MICHELLE SILVER
c/o RITZ CABARET GENTLEMEN'S CLUB
504 South Broadway Street
Baltimore, Maryland  21231

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiff, a/k/a exotic dancer "Gabrielle" by and through Joseph Murtha, Esquire, Francis C. Lanasa, Esquire and Murtha, Psoras & Lanasa, LLC, undersigned counsel, on behalf of herself and all others similarly situated, hereby submits her Class Action and Collective Action Complaint against Defendants THE NEW RITZ, INC. d/b/a Ritz Cabaret Gentlemen's Club

(hereinafter "The New Ritz, Inc."), RITZ OF BALTIMORE, INC. d/b/a Ritz Cabaret Gentlemen's Club (hereinafter "Ritz of Baltimore, Inc."), O.I. ENTERPRISES, INC. d/b/a Ritz Cabaret Gentlemen's Club (hereinafter "O.I. Enterprises, Inc."), OMID ILKHAN, JOSEPH J. SOLTAS, DAVID HITCHINER, ARI COHEN, and MICHELLE SILVER (hereinafter collectively referred to as "Defendants") to recover unpaid wages and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and the Maryland Wage and Hour Law, Maryland Code Annotated, *Labor and Employment Article* §§3-401 *et seq.* (hereinafter "MWHL").

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, unlawful deductions, misappropriated gratuities, spread of hours and other wages for Plaintiff, who worked as an exotic dancer at RITZ CABARET GENTLEMEN'S CLUB (hereinafter "Ritz Cabaret"), one of the largest strip clubs in Baltimore, Maryland.

2. RITZ CABARET GENTLEMEN'S CLUB fails to pay minimum wages and requires their employees to pay "house fees" in order to work.

## PARTIES AND JURISDICTION

3. Plaintiff is an adult resident of the State of Maryland. By acting as the named Plaintiff in this action, Plaintiff hereby consents to participate as a Plaintiff in an FLSA collective action.

4. THE NEW RITZ, INC. is a limited liability corporation formed under the laws of the State of Maryland with its principal place of business located in Baltimore, Maryland. At all times relevant to this action, THE NEW RITZ, INC. has done business as an exotic dance club known to the public as Ritz Cabaret Gentlemen's Club in Baltimore, Maryland.

5. THE NEW RITZ, INC.'s principal office is located at 504 South Broadway, Baltimore, Maryland.

6. RITZ CABARET is an exotic dance club located at 504 South Broadway Street Baltimore, Maryland 21231.

7. RITZ OF BALTIMORE, INC. is a limited liability corporation formed under the laws of the State of Maryland with its principal place of business located in Baltimore, Maryland. At all times RITZ OF BALTIMORE, INC. has done business as an exotic dance club known to the public as RITZ CABARET in Baltimore, Maryland.

8. RITZ OF BALTIMORE, INC.'s principal office is located at 504 South Broadway Street, Baltimore, Maryland 21231.

9. O.I. ENTERPRISES, INC. is a limited liability corporation formed under the laws of the State of Maryland with its principal place of business located in Baltimore, Maryland. At all times O.I. ENTERPRISES, INC.. has done business as an exotic dance club known to the public as RITZ CABARET in Baltimore, Maryland.

10. O.I. ENTERPRISES, INC.'s principal office is located at 504 South Broadway Street, Baltimore, Maryland 21231.

11. Upon information and belief, Defendants THE NEW RITZ, INC., RITZ OF BALTIMORE, INC. and O.I. ENTERPRISES, INC. are part of a single integrated enterprise that jointly employed Plaintiff at all times relevant.

12. At all times, Omid Ilkhan, has had a personal or family financial interest in THE NEW RITZ, INC. d/b/a RITZ CABARET, RITZ OF BALTIMORE, INC. and O.I. ENTERPRISES, INC. and has held himself out to the public and to the media as a primary owner and an individual in charge of RITZ CABARET.

13. At all times, David Hitchiner, has had a personal or family financial interest in THE NEW RITZ, INC. d/b/a RITZ CABARET, RITZ OF BALTIMORE, INC. and O.I. ENTERPRISES, INC. and has held himself out to the public and to the media as an owner and an individual in charge of RITZ CABARET.

14. At all times, Joseph J. Soltas, has had a personal or family financial interest in THE NEW RITZ, INC. d/b/a RITZ CABARET, RITZ OF BALTIMORE, INC. and O.I. ENTERPRISES, INC. and has held himself out to the public and to the media as an owner and an individual in charge of RITZ CABARET.

15. Defendant, Ari Cohen, is a manager of RITZ CABARET.

16. Defendant, Michelle Silver, is a manager of RITZ CABARET.

17. At all relevant times, Defendants Ilkhan, Hitchiner, Soltas, Cohen, and Silver have been high level managers of RITZ CABARET.

18. At all relevant times, Defendants Ilkhan, Hitchiner, Soltas have been in charge of managing and controlling Defendants' managers who oversee the day to day operations of RITZ CABARET.

19. At all relevant times, all important business operation questions and decisions that cannot be answered or otherwise handled by Defendants' managers have been brought to the attention of and resolved by Defendants Ilkhan, Hitchiner, and Soltas.

20. At all relevant times, Defendants Ilkhan, Hitchiner, Soltas, Cohen, and Silver have had power over payroll decisions at RITZ CABARET, including the power to retain time and/or wage records.

21. At all times, Defendants Ilkhan, Hitchiner, and Soltas have made all decisions relating to Plaintiffs' misclassification as independent contractors resulting in the wage claims herein alleged.

22. At all times, Defendants Ilkhan, Hitchiner, and Soltas have had the power to stop any illegal pay practices that harmed Plaintiff, including policies governing the allocation of service charges and/or gratuities.

23. Defendants were Plaintiff's "employers" for purposes of the FLSA and MWHL.

24. At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the FLSA (29 U.S.C. §203(s)(1)).

25. Upon information and belief, at all times, Defendants had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of §3(r) of the FLSA (29 U.S.C. §203(r)).

26. At all times, Plaintiffs were individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§205-206.

27. This Court has jurisdiction over Defendants pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. §1331 (Federal Question). This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1337. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

29. Gabrielle has been employed by Defendants as an exotic dancer employee since 2012.

30. While in Defendants' employ, Plaintiff performs exotic dancer work duties at Defendants' RITZ CABARET, an exotic dance club in Baltimore, Maryland.

31. At all times, throughout her employment, Defendants have not paid Gabrielle the proper minimum wage for all hours worked and for work duties performed.

32. Defendants unlawfully deducted from Gabrielle's pay by requiring her to pay a "house fee" before and/or after every shift.

33. Defendants supervised and controlled the terms and conditions of Gabrielle's employment by:

    A. Having the ability to hire, fire and discipline her;

    B. Supervising and controlling her work schedule (dates and hours);

    C. Implementing rules that governed her working conditions;

    D. Having managers supervise her work;

    E. Requiring her services to be rendered personally;

    F. Prohibiting her from working at competing strip clubs;

    G. Unilaterally deciding to retain a portion of her pay.

34. While in Defendants' employ, Plaintiff's exact weekly hours worked varies slightly from week to week.

35. While in Defendants' employ, Plaintiff typically and customarily works approximately fifty-five (55) hours per week.

36. At all times, Defendants have knowledge of all hours Plaintiff works per week and suffers or permits Plaintiff to work all hours herein alleged.

37. At all times throughout Plaintiff's employment, Plaintiff and all other exotic dancer employees were employees of Defendants and were never independent contractors.

37. While it is true that Defendants title or classify Plaintiff and other exotic dancer employees as independent contractors, at all times while working for Defendants, Plaintiff and other exotic dancer employees consider themselves as employees of Defendants and that Defendants are their employers.

38. At all times while Plaintiff has been employed by Defendants, Defendants control all aspects of Plaintiff's job duties and the job duties of other exotic dancer employees through strictly enforced employment rules.

39. Defendants hired Plaintiff and other exotic dancer employees and, at all times, have the ability to discipline them, fine them, fire them, and adjust each of their schedules.

40. Defendants, at all times, supervise Plaintiff's work duties and the work duties of other exotic dancer employees to make sure Plaintiff's job performance and the job performances of other exotic dancer employees are of sufficient quality.

41. At all times, Plaintiff's pay and opportunity for wages and the pay and opportunity for wages of other exotic dancer employees have been limited to the pay method set exclusively by Defendants.

42. Defendants control all aspects of setting and enforcing the work schedule for Plaintiff and other exotic dancer employees.

43. Plaintiff and other exotic dancer employees are never able to make more money or able to obtain additional financial benefits as there are no profit sharing or additional compensation from Defendants to Plaintiffs.

44. At no time does Plaintiff or any other exotic dancer employee make a financial investment in Defendants business operation or any equipment belonging to Defendants.

45. To perform the work duties that Plaintiff and other exotic dancer employees perform for Defendants, Plaintiff and other exotic dancer employees do not have or need any required certificate, education or specialized training.

46. At all times while Plaintiff has been employed by Defendants, Defendants have been in the business of operating a night club featuring exotic dancers.

47. At all times while Plaintiff has been employed by Defendants, Plaintiff's job duties and the job duties of all other exotic dancer employees have been directly related to exotic dancing performances for Defendants' customers.

48. Plaintiff and other exotic dancer employees do not perform work that is exempt from the minimum wage requirement of the FLSA or MWHL.

## FEE AND FINE SYSTEM

49. In addition to failing to pay Plaintiff and other exotic dancer employees' wages for hours worked, Defendants enforce a series of charges, fees and fines requiring Plaintiff and other exotic dancer employees to actually pay Defendants to start their work shift and a significant portion of the money they received as tips from customers, including but not limited to:

   A. Fees required to begin a work shift;

   B. Fines for late reporting to RITZ CABARET;

    C. Fines for being late to appear on stage;

    D. Fees for music and/or deejay services;

    E. Fees for backstage access;

    F. Fees for VIP access

50. On a typical shift, Plaintiff and other exotic dancer employees actually paid Defendants, through fines, fees and charges, approximately seventy-five dollars ($75.00) or more. The fines and fees paid by Plaintiff and other exotic dancer employees to Defendants included a mandatory "tip-in" and/or "tip-out" to Defendant, mandatory monies paid directly to Defendants, mandatory tip sharing of Plaintiff and other exotic dancer employees' tips to Defendants' non-tipped employees, deductions by Defendants from Plaintiff and other exotic dancer employees' tips received from Defendants' customers for each performance of private and semi-private dances, and general and often substantial deductions for fees, fines, and charges associated with violating Defendants' employment rules.

51. The net result of Defendants' fee and fine system was the regular hourly rate "paid" to Plaintiff and other exotic dancer employees when properly calculated results in the dancer receiving negative wages.

## CLASS ACTION ALLEGATIONS

52. The Class and the Class Members are defined as individuals that meet the following definition:

    i. Current former exotic dancer employees who worked as exotic dancers at Ritz Cabaret at any time between July 11, 2011 and the present;

    ii. Who were misclassified by Defendants as independent contractors; and

       iii. Who were not paid by Defendants for all hours worked at an hourly rate at least equal to the hourly rate required by the MWHL.

53. On information and belief, during the period of Plaintiff's employment, Defendants employed seventy-five (75) or more exotic dancer employees who meet the Class and Class Member definition.

54. The MWHL claims arising under the Complaint are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

55. The Class and Class Members is believed to be at least seventy-five (75) or more current and former exotic dancer employees of Defendants, making joinder of all members impracticable.

56. The named Plaintiff will adequately represent the interest of the class members because she is similarly situated to the class members and her claims are typical of, and concurrent to, the claims of the other class members.

57. There are no known conflicts of interest between the Plaintiff and the other class members.

58. Class counsel, Francis C. Lanasa, Joseph Murtha, and Murtha, Psoras & Lanasa, LLC, are qualified and able to litigate Plaintiff's and the class members' claims.

59. The law firm that represents Plaintiff and the class members concentrates its practice on litigation, and its attorneys are experienced in mass and complex litigation, including, most recently, complex stent litigation against St. Joseph's Medical Center.

60. Common questions of law and fact predominate in this action because all of the class' claims implicate the same wage laws of the State of Maryland.

61. The class action is maintainable under Federal Rule 23 because the class action is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.

62. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, and adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

63. Absent this action, Plaintiff and the class members likely will not obtain redress of their injuries and Defendants would retain the proceeds of their violations of the laws of Maryland.

## COLLECTIVE ACTION ALLEGATIONS

64. In addition to pursuing this action as a Class Action for MWHL violations under Federal Rule of Civil Procedure 23, Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals.

65. The collective action includes:

   i. Current and former exotic dancer employees who worked as exotic dancers at Ritz Cabaret any time between July 11, 2011 and the present; and

   ii. Who were misclassified by Defendants as independent contractors; and

   iii. Who were not paid by Defendants for all hours worked at an hourly rate at least equal to the hourly rate required by the FLSA.

66. In the present case, the questions of law or fact common to the members of the collective action class predominate over any questions affecting only individual collective action class members.

67. The essence of this case is the Plaintiff and other similarly situated individuals were improperly classified as independent contractors and were paid less than the FLSA required rate for hours worked.

68. Common to Plaintiff and all collective action class members is that each individual received wages from Defendants at a rate less than what is required by the FLSA for all hours worked each week.

69. Specifically, Plaintiff and each collective action class member are seeking the difference between their net-negative regular hourly rates and the FLSA required rate and statutory damages under the FLSA.

70. In the present case, the number of collective action class members is believed to exceed seventy-five (75) current and former exotic dancer employees.

71. All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

## CAUSES OF ACTION

### COUNT 1 – Violation of Federal Fair Labor Standards Act (Minimum Wages)

72. Plaintiff realleges and reasserts each and every factual allegation set forth in ¶¶'s 1-71 above as if each were set forth at length herein.

73. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

74. At all times relevant, Plaintiff and other exotic dancer employees were "employees" covered by the FLSA, 29 U.S.C. §206(a)(1).

75. At all times relevant, Defendants were Plaintiff's "employers" and the "employers" of other exotic dancer employees under the FLSA.

76. Defendants, as employers of Plaintiff and other exotic dancer employees, were obligated to compensate Plaintiff and other exotic dancer employees for all hours worked at an hourly rate not less than the Federal Minimum Wage.

77. At all times relevant, Defendants paid Plaintiff and other exotic dancer employees no wages for hours worked.

78. More exactly, when the fees and fines that Defendants deducted from Plaintiff's personal monies and the personal monies of other exotic dancers are factored in, Defendants paid Plaintiff and other exotic dancer employees a negative net average hourly rate.

79. The net negative hourly rate paid by Defendants to Plaintiff and other exotic dancer employees fell below the applicable Federal Minimum Wage.

80. At all times relevant, Defendants had actual knowledge that Plaintiff and other exotic dancers were in fact employees and were never independent contractors.

81. Defendants have engaged in a widespread pattern, policy and practice of violating the FSLA.

82. Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. §203(m) and supporting federal regulations, including but not limited to 29 C.F.R. §516.4.

83. As a result of Defendants' violations of the FSLA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees and other compensation pursuant to 29 U.S.C. §216(b).

84. At all times relevant, Defendants had actual knowledge that the compensation method and amount that Defendants paid Plaintiff and other exotic dancers was less than the compensation method and amount required by the FLSA.

85. Defendants' failure and refusal to pay compensation to Plaintiff and other exotic dancer employees as required by the FLSA was willful and intentional, and not in good faith.

86. Because Defendants' violations of the FLSA have been willful, a three (3) year statute of limitations applies pursuant to 29 U.S.C. §255.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interests (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT 2 – Violation of Maryland Wage and Hour Law

87. Plaintiff realleges and reasserts each and every factual allegation set forth in ¶¶'s 1-86 above, as if each were set forth at length herein.

88. Plaintiff and other exotic dancer employees were "employees" and Defendants THE NEW RITZ, INC., RITZ OF BALTIMORE, INC., O.I. ENTERPRISES, INC, Hitchiner, Soltas, and Ilkhan were Plaintiff's "employers" and "employers" of other exotic dancer employees within the meaning of MWHL.

89. As "employers" for Plaintiff and other exotic dancer employees, Defendants were obligated to pay Plaintiff and other exotic dancer employees' wages at least equal to $7.25 per hour, the Maryland Minimum Wage.

90. As set forth above, while in Defendants' employ, Plaintiff and other exotic dancer employees worked many hours for which Defendants failed and refused to properly compensate Plaintiff and other exotic dancer employees as required by the MWHL for all hours worked.

91. Unpaid minimum wage compensation is therefore due and owing to Plaintiff and other exotic dancer employees under the MWHL.

92. The minimum wage provisions of the MWHL and the supporting Maryland Department of Labor regulations apply to Defendants and protect Plaintiff.

93. By Defendants' knowing or intentional failure to pay Plaintiff minimum hourly wages, they have willfully violated the MWHL.

94. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the MWHL (Md. Ann. Code, *Labor & Employment Article* §3-424).

95. Due to Defendants' violations of the MWHL, Plaintiff is entitled to recover from Defendants her unpaid wages, liquidated damages, reasonable attorney's fees, costs and pre- and post-judgment interest.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all other similarly situated individuals) under Count 2 for unpaid wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief that this Court deems appropriate.

Respectfully submitted,

/s/
**Joseph Murtha**
*jmurtha@mpllawyers.com*
Federal Trial Bar No.: 23725


/s/
**Francis C. Lanasa**
*lanasa@mpllawyers.com*
Federal Trial Bar No.: 03820


**MURTHA PSORAS & LANASA, LLC**
1301 York Road, Suite 200
Lutherville, Maryland 21093
*Telephone*: 410.583.6969
*Telefax*: 410.583.4706
*Attorneys for Plaintiffs*