**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| **"GABRIELLE DOE"** | * | |
| | * | |
| **On Behalf of Herself and** | * | |
| **All Others Similarly Situated** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | **Case No.: 1:14-CV-02367-WDQ** |
| | * | |
| **THE NEW RITZ, INC., ET AL.** | * | |
| | * | |
| **Defendants** | * | |

_____

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

### I.      INTRODUCTION

Plaintiff is an exotic dancer who is currently employed by Defendants at Ritz Cabaret Gentlemen's Club, an adult entertainment establishment located in Baltimore City, Maryland. Plaintiff alleges that throughout her employment, Defendants failed to pay Plaintiff minimum wage for all hours worked and for all work duties performed. *See* Complaint ¶¶ 29-48. Plaintiff further alleges that Defendants unlawfully and routinely deducted monies from Plaintiff's pay by requiring her to pay a "house fee" before and/or after every shift. *See* Complaint ¶¶ 49-51. Defendants have jointly filed a Motion to Dismiss under Fed. Rule. Civ. Proc. 12(b)(6), essentially claiming that Plaintiff failed to state a claim by not filing suit using Plaintiff's legal name.

Plaintiff filed suit under the pseudonym "Gabrielle Doe" to avoid retaliation for fear of immediate physical, psychological, and economic retaliation, caused as a direct result of her filing this lawsuit. As a female exotic dancer at an adult dance establishment, Plaintiff is extremely vulnerable and susceptible to the physical intimidation practices that Defendants often

1

incorporate in their business dealings. Plaintiff fears that if the Court does not permit Plaintiff to proceed anonymously Defendants, will target Plaintiff with physical abuse. Permitting Plaintiff to proceed anonymously against Defendants and the general public - but not Defendants' counsel - would help prevent such retaliation. See Affidavit of Gabrielle Doe attached hereto as Exhibit 1.

Plaintiff's fear of retaliation outweighs Defendants' interest in the general disclosure of Plaintiff's identity, and that it would serve, rather than harm, the public interest to permit Plaintiff to continue to proceed anonymously. Accordingly, the Court should deny Defendants' Motion to Dismiss.

## II.    ARGUMENT

### THE COURT HAS DISCRETION TO ALLOW PLAINTIFF'S TO PROCEED ANONYMOUSLY, AND APPLIES A BALANCING TEST IN EXERCISING THAT DISCRETION.

As indicated by the Defendants' argument, the United States Court of Appeals for the 4th Circuit has held that it is well-settled that a court has discretion to permit parties to proceed anonymously. "The decision whether to permit parties to proceed anonymously at trial is one of many involving management of the trial process that for obvious reasons is committed in the first instance to trial court discretion." *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993). *See also Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992) (reviewing denial of anonymity application for abuse of discretion); *Doe v. Stegall,* 653 F.2d 180, 184 (5th Cir. 1981), *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000) ("Many federal courts have permitted parties to proceed anonymously when special circumstances justify secrecy;" overturning District Court's denial of pseudonym order for abuse of discretion)

There is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Stegall,* 653 F.2d at 186. Instead, to decide the propriety of an anonymous suit,

courts must balance the public interest in the openness of judicial proceedings, the due process rights of the defendants, and the security and privacy concerns of the plaintiffs. *See Advanced Textile,* 214 F.3d at 1068 (noting that the four circuits to consider the applicable standard had held that "a district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party").

Where the use of pseudonyms is sought to shield parties from retaliation, the court should consider: the severity of the threatened harm; the reasonableness of the anonymous party's fears; and the anonymous party's vulnerability to such retaliation. *Id.* at 1068 (citing cases). Under that test, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing a party's identity." *James,* 6 F.3d at 238.

In applying the balancing test, courts have considered three factors in determining whether to grant anonymity: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Advanced Textile,* 214 F.3d at 1068 (citing cases). With respect to the second factor, whether the parties' fears are reasonable, parties "are not required to prove that the defendants intend to carry out the threatened retaliation." *Id.* at 1071.

A.      **Plaintiff's Reasonable Fears of Physical Harm Warrant Maintaining Plaintiff's Anonymity**

The threat to Plaintiff, if Plaintiff's identity is disclosed, is sufficiently severe enough to warrant anonymity. *See Advanced Textile,* 214 F.3d at 1068. The threat of physical or mental abuse is a paradigmatic case for permitting parties to proceed anonymously. *See, e.g., James,* 6 F.3d at 238 (factor in considering anonymity requests is "whether identification poses a risk of

retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties"); *see also Stegall,* 653 F.2d at 186 ("the threats of violence generated by this case, in conjunction with the other factors weighing in favor of maintaining the Does' anonymity, tip the balance against the customary practice of judicial openness.").

Courts have routinely granted parties permission to proceed anonymously in cases involving threatened invasion of privacy or harassment, a far less severe threat than the fear of physical harm or death. *See, e.g., Roe II v. Aware Woman Center for Choice, Inc.,*253 F.3d 678, 685 (11th Cir. 2001) (identifying "abortion as the paradigmatic example of the type of highly sensitive and personal matter that warrants a grant of anonymity") (citing cases); *Heather K. v. City of Mallard,* 887 F. Supp. 1249, 1256 (N.D, Iowa 1995) (permitting child litigant who sought city ordinance to ban nuisance to proceed anonymously to prevent harassment of herself and her family).

Here, the risks of harm faced by Plaintiff are both reasonable and serious. Plaintiff is fearful of retaliation, including physical abuse, if Plaintiff's involvement in the litigation becomes known to Defendants. Accordingly, the threat identified by Plaintiff warrants permitting her to proceed anonymously. See Affidavit of Gabrielle Doe attached hereto as Exhibit 1.

### B.      Defendants Have Not Alleged Any Prejudice Caused by Plaintiff Filing under Pseudonym

Throughout their motion, Defendants have failed to demonstrate any prejudicial effect whatsoever as a result of Plaintiff filing the Complaint under a pseudonym. Even if Defendants had in fact alleged any such prejudice, it is outweighed by plaintiff's interest in maintaining anonymity. *E.g., James,* 6 F.3d at 242 ("[T]here is no legal right in parties either to be allowed anonymity *or to avoid it.*") (emphasis added); *Stegall,* 653 F.2d at 185 ("T]here is precedent for

departing from a procedural custom fraught with constitutional overtones to accommodate a plaintiff's asserted need to proceed anonymously through the use of a fictitious name.").

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully urges the Court to deny Defendants' Motion to Dismiss and to permit Plaintiff to continue to proceed anonymously.

Respectfully submitted,

_____/s/_____
**Joseph Murtha**
*jmurtha@mpllawyers.com*
Federal Trial Bar No.:  23725

_____/s/_____
**Francis C. Lanasa**
*lanasa@mpllawyers.com*
Federal Trial Bar No.:  03820

**MURTHA PSORAS & LANASA**, LLC
1301 York Road, Suite 200
Lutherville, Maryland  21093
*Telephone*:      410.583.6969
*Telefax*:        410.583.4706
*Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 25th day of November, 2014, a copy of the foregoing was served via ECF electronic filing on:

Andrew Kevin O'Connell, Esquire
Murphy, Falcon & Murphy
1 South Street
Suite 2300
Baltimore, MD 21202
14109518744
Fax: 14105396599
Email: andrew.oconnell@mfmrk.com
LEAD ATTORNEY TO BE NOTICED

_____/s/_____
**Francis C. Lanasa**
*lanasa@mpllawyers.com*
Federal Trial Bar No.:  03820

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| **"GABRIELLE DOE"** | * | |
| | * | |
| **On Behalf of Herself and** | * | |
| **All Others Similarly Situated** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | **Case No.: 1:14-CV-02367-WDQ** |
| | * | |
| **THE NEW RITS, INC., ET AL.** | * | |
| | * | |
| **Defendants** | * | |

_____

## ORDER

Upon consideration of Defendants Motion to Dismiss and Plaintiffs response thereto and oral argument received by this court on _____, it is, this _____ day of _____ 201_, hereby

ORDERED, that the Motion to Dismiss be DENIED.


_____
William D. Quarles, Jr.,
United States District Judge