IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

GABRIELLE DOE,                      *

    Plaintiff,                      *

        v.                          *          CIVIL NO.: WDQ-14-2367

THE NEW RITZ, INC., *et al.*,       *

    Defendants.                     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Gabrielle Doe[1] sued The New Ritz, Inc., and others
(collectively, the "Defendants")[2] in a class action complaint
alleging violations of federal[3] and state[4] labor laws.  ECF No.
1.  Pending is the Defendants' motion to dismiss the complaint.
ECF No. 9.[5]  No hearing is necessary.  Local Rule 105.6 (D. Md.

---

[1] "Gabrielle Doe" is a pseudonym.  ECF Nos. 1 at 1-2; 10-1 at 1.

[2] Doe also sued Ritz of Baltimore, Inc., O.I. Enterprises, Inc.,
Omid Ilkhan, Joseph J. Soltas, David Hitchiner, Ari Cohen, and
Michelle Silver.  ECF No. 1.

[3] *See* Federal Fair Labor Standards Act ("FLSA") of 1938, as
amended, 29 U.S.C. §§ 201 *et seq.* (2012).

[4] *See* Maryland Code Ann., Lab. & Empl. §§ 3-401 *et seq* (West
2010).

[5] The Defendants moved to dismiss the complaint for failure to
state a claim.  ECF No. 9 at 1 (*citing* Fed. R. Civ. P.
12(b)(6)).  As grounds, the Defendants contend that Doe failed
to allege facts that would allow her to proceed anonymously;
thus, she has violated Federal Rule of Civil Procedure 10(a),

2014).  For the following reasons, the Defendants' motion will
be denied.

I.   Background[6]

From January 2012 to August 2014, Doe worked as an exotic
dancer for the Defendants' dance club--the Ritz Cabaret--in
Baltimore, Maryland.  ECF Nos. 1 ¶¶ 29-30; 10-2 ¶ 2.[7]  Doe worked
about 55 hours each week.  ECF No. 10-2 ¶ 4.  The Defendants did
not pay Doe the minimum wage for all hours worked or duties
performed.  ECF No. 1 ¶ 31.  The Defendants charged Doe "a
series of charges, fees[,] and fines" to start her work shift,
including fees to begin a work shift and for music, DJ services,
backstage access, and VIP access, and fines for late reporting
to the Ritz Cabaret or being late to appear on stage.  *Id.* ¶ 49.

---

which requires complaints to name all parties.  ECF No. 9-1 at
6; Fed. R. Civ. P. 10(a).  The Defendants have not provided--nor
has the Court located--authority for resolving what is
essentially a Rule 10(a) motion under Rule 12(b)(6).  One case
relied upon by the Defendants, *Roe v. State of New York*, stated
that "[t]his is a motion for defendants for an order dismissing
the complaint 'for failure of the infant plaintiffs herein to
state their true names in the title thereof'.  *The motion is
said to be under Fed. R. Civ. P. 10(a),*" 49 F.R.D. 279, 280
(S.D.N.Y. 1970)(emphasis added).  Accordingly, the Court will
construe the motion as a motion to dismiss under Rule 10(a), and
will apply the framework well-established in the Fourth Circuit
to determine whether Doe may proceed anonymously.

[6] The facts are from the complaint and an affidavit attached to
Doe's opposition.  ECF Nos. 1, 10-2.

[7] Although the Defendants classified Doe and other exotic dancers
as independent contractors, Doe alleges that she and others were
employees.  ECF No. 1 ¶¶ 37, 74-75.

In a typical shift, Doe paid the Defendants about $75 or more.
*Id.* ¶ 50.  The Defendants' fee and fine system resulted in Doe
"receiving negative wages." *Id.* ¶ 51.

On July 25, 2014, Doe filed suit alleging violations of the
FLSA (count one) and the Maryland Wage and Hour Law (count two).
ECF No. 1.  On October 14, 2014, the Court granted the
Defendants' consent motion for an extension of time to respond
to the complaint.  ECF No. 8.  On November 10, 2014, the
Defendants moved to dismiss the complaint.  ECF No. 9.  On
November 25, 2014, Doe opposed the motion.  ECF No. 10.  Doe
filed a sworn affidavit with her opposition stating she is
afraid of physical and verbal abuse if she has to reveal her
identity because the Defendants have her personal information,
including her home address.  ECF No. 10-2 ¶ 10.  Doe swore that
when she worked at the Ritz Cabaret, she "was the subject of
physical abuse" by the Defendants' and their employees, such as
being struck on "[her] rear-end if [she] was running late to
perform on stage or . . . for no reason at all."  ECF No. 10-2 ¶
6.[8]  The Defendants "constantly referr[ed] to [Doe] as 'slut,'
'skank,' 'whore,' [and] 'bitch,'" and "threatened [her] with
forced sexual favors if [she] did not perform when told."  *Id.*
¶¶ 8-9.  Additionally, though Doe no longer works at the Ritz

---

[8] Doe also saw the Defendants and their employees physically
assault a patron by beating him and throwing him down a flight
of stairs.  ECF No. 10-2 ¶ 7.

Cabaret, she swore that she may be fired by her current employer and "de facto barred from working in the exotic dance industry" if her identity is revealed because of its "tight-knit nature." *Id*. ¶ 11.  The Defendants have not replied to Doe's opposition.[9]

II.  Analysis

As a general rule, "[t]he title of the complaint must name all the parties . . . ."  Fed. R. Civ. P. 10(a).  However, "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym."  *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014)(*citing James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

To determine whether a party may litigate anonymously, courts must consider: (1) "[w]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties," (3) "the age[] of the person whose privacy interests are sought to be protected," (4) "whether the

---

[9] The Defendants' reply was due on December 12, 2014; as of today's date, they have not replied.  *See* Docket.

action is against a governmental or private party," and (5) "the
risk of unfairness to the opposing party from allowing an action
against it to proceed anonymously."  *Jacobsen*, 6. F.3d at 238.
Courts must also balance the party's interest in anonymity
against the public's interest in open judicial proceedings.
*Pub. Citizen*, 749 F.3d at 274.  "The decision whether to permit
parties to proceed anonymously at trial . . . [is ]committed in
the first instance to trial court discretion."  *Jacobson*, 6 F.3d
at 238.

   As to the first *Jacobsen* factor, Doe does not seek
anonymity to preserve her privacy because sensitive or highly
personal matters are involved in her wage-related claims;[10]
though the degrading behavior she averred to--if true--is
undoubtedly personal.[11]  Doe is not merely concerned with
avoiding annoyance or criticism; her unrebutted affidavit
articulates a legitimate fear of physical and mental harm that

---

[10] *Cf. Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678,
685 (11th Cir. 2001)("[A] number of decisions have pointed to
abortion as the paradigmatic example of the type of highly
sensitive and personal matter that warrants a grant of
anonymity.")(collecting cases); *Freedom From Religion Found.,
Inc. v. Emanuel Cnty. Sch. Sys.*, No. CV615-013, 2015 WL 3797133,
at *3 (S.D. Ga. June 18, 2015)(religion is a "quintessentially
private matter.").

[11] *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337,
at *4 (D. Md. Oct. 15, 2013) (granting motion to proceed under a
pseudonym, in part, because of the "highly sensitive and
personal" nature of the sexual harassment and assault alleged in
the complaint).

may arise if her identity is revealed.[12]  Although the threat of

economic harm does not merit anonymity,[13] harassment by the

Defendants or Doe's current employer does.[14]  The second factor

favors anonymity.  The third factor does not apply to Doe

because, presumably, she was above the age of majority when she

worked for the Defendants.[15]  Because Doe has sued private

parties, the compelling public interest in litigation against

the government is absent.[16]  However, private parties have an

---

[12] *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (threats
of harassment and violence favored anonymity); ECF No. 10-2 ¶¶
6-10.  *Cf. Michael v. Bloomberg L.P.*, No. 14-CV-2657 TPG, 2015
WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) (denying anonymity in
FLSA suit when there was no threat of physical or mental harm).

[13] *See Ashbourne v. Geithner*, No. CIV.A. RWT-11-2818, 2012 WL
2874012, at *1 (D. Md. July 12, 2012) *aff'd*, 491 F. App'x 429
(4th Cir. 2012)(*citing Free Mkt. Comp. v. Commodity Exch., Inc.*,
98 F.R.D. 311, 313 (S.D.N.Y. 1983).

[14] *See Stegall*, 653 F.2d at 186.

[15] *See Doe v. Cabrera*, No. CV 14-1005 (RBW), 2014 WL 4656610, at
*6 (D.D.C. Sept. 10, 2014) ("Where victims are not minors,
courts are generally less inclined to let the alleged victim
proceed in litigation under a pseudonym."); *E.E.O.C.*, 2013 WL
5634337, at *4; *see also* Rule 2, Rules and Regulations for the
Board of Liquor License Commissioners for Baltimore City (Adult
Entertainment Businesses)("All dancers in an adult-entertainment
establishment must be at least 18 years old . . . .").

[16] *See, e.g.*, *Pub. Citizen*, 79 F.3d at 274 ("[T]he public
interest in the underlying litigation is especially compelling
given that Company Doe sued a federal agency."); *Ashbourne*, 2012
WL 2874012, at *1 ("[V]ery rarely is anonymity justified in a
case challenging the government.").

interest in protecting against harm to reputation.[17]  The fourth
factor disfavors anonymity.

As to the fifth factor, the Defendants generally contend
that without knowing Doe's true identity, they have "little, if
any, means to defend themselves against [her] allegations, which
are tied to [her] identity."  ECF No. 9-1 at 5-6.  To the
contrary, Doe filed her complaint on behalf of herself *and*
exotic dancers who worked at the Ritz Cabaret from July 2011 to
July 2014 and were not paid minimum wage,[18] suggesting that the
allegedly improper fee and fine system applied to all workers,
not just Doe.  The Defendants have not identified specific
obstacles that Doe's anonymity poses to their ability to defend
against allegations of widespread noncompliance with state and
federal labor laws.  The fifth factor, at the very least, is
neutral.

Finally, although the Court is mindful of the public's
interest in open proceedings, there is also a long-standing
strong public interest in preventing worker exploitation.  *See,
e.g., Perkins v. Lukens Steel Co.*, 310 U.S. 113, 125, 60 S. Ct.

---

[17] *See Cabrera*, 2014 WL 4656610, at *6 ("This consideration is
significant because governmental bodies do not share the
concerns about reputation that private individuals have when
they are publicly charged with wrongdoing."); *Freedom From
Religion Found., Inc.* 2015 WL 3797133, at *2 (suit against
private parties disfavors anonymity).

[18] ECF No. 1 ¶ 52.

869, 875, 84 L. Ed. 1108 (1940); Letter to Congress from President Franklin D. Roosevelt (May 24, 1937) (reprinted in H.R. Rep. No. 101-260 (Sept. 26, 1989), 1989 U.S.C.C.A.N. 696-97)(FLSA was intended to protect the right of men and women to receive "a fair day's pay for a fair day's work").  Further, this is not a suit "attacking . . . popularly enacted legislation,"[19] but rather is a suit seeking to *enforce* legislation.  In sum, balancing Doe's interest in remaining anonymous, the lack of prejudice to the Defendants, and the public interest leads the Court to conclude that anonymity is merited.  Accordingly, the Defendants' motion to dismiss will be denied.

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss will be denied.


_____                    _____
Date                                       William D. Quarles, Jr.
                                           United States District Judge


---

[19] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (ordering appellee to disclose his identity in suit challenging sex offender notification system).