IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| GABRIELLE DOE, | | |
| | * | |
| Plaintiff, | | |
| | * | Civil Action No.: RDB-14-2367 |
| v. | | |
| | * | |
| THE NEW RITZ, INC., *et al.*, | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff "Gabrielle Doe" ("Plaintiff" or "Doe")[1] filed this putative class action

against Defendants The New Ritz, Inc., Ritz of Baltimore, Inc., O.I. Enterprises, Inc.,

Omid Ilkhan, Joseph J. Soltas, David Hitchiner, Ari Cohen, and Michelle Silver

(collectively, "Defendants"), alleging violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Maryland Wage and Hour Law, Md. Code

Ann., Lab. & Empl. §§ 3-401 *et seq.* Defendants subsequently moved to dismiss

Plaintiff's Complaint on the grounds that she could not proceed under a pseudonym.

Mot. to Dismiss, ECF No. 9. Applying the test set forth by the United States Court of

Appeals in *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), Judge Quarles of this

Court ultimately denied Defendants' Motion and allowed the Plaintiff to use the

---

[1] "Gabrielle Doe" is pseudonym. *See* Compl., 1-2, ECF No. 1; Mem. Op., 7-8, ECF No. 11.

pseudonym "Gabrielle Doe." Mem. Op., ECF No. 11; Order, ECF No. 12. This action was then transferred to this Court on January 14, 2016.

Currently pending is Defendants' Motion to Compel Disclosure of Plaintiff's True Identity (ECF No. 26).[2] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Defendants' Motion to Compel Disclosure of Plaintiff's True Identity (ECF No. 26) is GRANTED. Plaintiff is ordered to reveal her true name and address to Defendants' counsel within forty-eight hours of the filing of this Court's Memorandum Order, but may continue to use a pseudonym for all public purposes. Given Plaintiff's legitimate fears of emotional and physical retaliation by Defendants, the parties are also ordered to submit an appropriate protective order by February 22, 2016.

BACKGROUND

The background facts of this action were fully set forth in the Memorandum Opinion of July 14, 2015 (ECF No. 11). To summarize, Gabrielle Doe alleges that she worked as an exotic dancer at Defendants' Ritz Cabaret Gentleman's Club ("Ritz Cabaret") from January 2012 to August 2014. Although classified as an independent contractor by Defendants, Doe asserts that she and other exotic dancers were employees. During this time, Doe allegedly worked fifty-five hours per week, but did not receive minimum wage for all hours worked or duties performed. Instead,

---

[2] Also pending is Plaintiff's Motion to Certify Class and Facilitate Identification and Notification of Similarly Situated Employees (ECF No. 35). This Memorandum Order will address only Defendants' Motion to Compel Disclosure. Plaintiff's Motion to Certify Class will remain pending.

Defendants forced Doe to pay certain charges, fees, and fines for, *inter alia*, music, VIP access, and late arrival, before even beginning her work shift. Due to these deductions, Plaintiff alleges that she "receiv[ed] negative wages." Compl. ¶ 51.

Doe, under the present pseudonym, filed the subject action on July 25, 2014, alleging repeated violations of the Fair Labor Standards Act (Count I) and the Maryland Wage and Hour Law (Count II). *See generally* Compl. After Defendants moved to dismiss the Complaint due to Plaintiff's use of a pseudonym, Doe submitted an affidavit (ECF No. 10-2) to accompany her opposition (ECF No. 10) in which she articulated her substantial fear of physical and mental retaliation by the Defendants. This Court ultimately denied Defendants' Motion, thereby permitting Plaintiff to proceed anonymously. *See* Mem. Op., ECF No. 11; Order, ECF No. 12. Defendants subsequently filed the pending Motion to Compel Disclosure of Plaintiff's True Identity (ECF No. 26).

## ANALYSIS

In moving to compel disclosure of Plaintiff's true identity, Defendants do not contest this Court's decision to allow Plaintiff to proceed under a pseudonym. Defendants acknowledge that she may proceed anonymously for *public* purposes, but seek limited *private* disclosure of her identity. Doe opposes disclosure of her true identity, even privately, due to her legitimate fears of physical and emotional retaliation.

The United States Court of Appeals for the Fourth Circuit in *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), set forth several factors to be considered when a plaintiff seeks to use a pseudonym. These factors include:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* Yet, these factors govern only *public* disclosure. In *Jacobson*, the plaintiffs first obtained an *ex parte* protective order from the district court allowing them to proceed under pseudonyms before filing their complaint. *Id.* at 235. After the defendant argued that the protective order prejudiced his defense, the district court revised its order by, *inter alia*, requiring that the plaintiffs file an amended complaint under seal that revealed their actual identities. *Id.* Even further, the court and parties instituted certain measures to protect the plaintiffs' identities during discovery. *Id.* at 235-36. *Jacobson* and its progeny show that, even where public disclosure of a plaintiff's true name is denied, disclosure to the participating parties is both feasible and required. This Court has previously held in *E.E.O.C. v. Spoa, LLC*, Civ. A. No. CCB-13-1615, 2013 WL 5634337, at *4 (D. Md. Oc. 15, 2013) that a plaintiff, although permitted to proceed

under a pseudonym in all papers filed before the court, must reveal her identity to the defendant.

After a review of the record, this Court can identify no reason to ignore the guidance of *Jacobson* and its holding in *Spoa, LLC*. In this case, Doe may continue to proceed under a pseudonym in any public document submitted to this Court. She must, however, reveal her true name to Defendants so that they may fully investigate her claims. Defendants are entitled to defend themselves against Plaintiff's claims, but cannot begin to test the accuracy of her allegations without her true identity. For example, they cannot even confirm that she worked at the Ritz Cabaret during the time period alleged without her name. Assuming that she *did* work at Defendants' club, they state that many exotic dancers at the Ritz Cabaret entered into arbitration agreements that included class and collective waiver clauses. If Doe entered into a valid arbitration agreement, the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, mandates that this Court stay the present action to allow for arbitration in accordance with the terms of the contract. 9 U.S.C. § 3. The continued concealment of Plaintiff's true identity would thus prevent Defendants from obtaining information vital to their defense.

Moreover, the Plaintiff's legitimate fears of physical and emotional retaliation may be adequately addressed by a protective order. This Court notes that Defendants have expressed their willingness to enter into such an order. Defs.' Reply, 4, ECF No. 31. As in *Jacobson*, the parties must determine certain measures to protect Plaintiff's

identity and person during the course of discovery. The parties are hereby ordered to submit an appropriate protective order to this Court by February 22, 2016.

## CONCLUSION

For the foregoing reasons, Defendants are entitled to learn Plaintiff's true identity, despite her continued use of a pseudonym for all public purposes. Accordingly, it is this 5th day of February, 2016, ORDERED that:

1. Defendants' Motion to Compel Disclosure of Plaintiff's True Identity (ECF No. 26) is GRANTED;

2. Plaintiff is ordered to reveal her true name and address to Defendants' counsel within forty-eight hours of the filing of this Court's Memorandum Order, but may continue to use a pseudonym publicly;

3. The parties are to submit a proposed protective order to address Plaintiff's legitimate fears of physical and emotional retaliation by February 22, 2016; and

4. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

/s/_____
Richard D. Bennett
United States District Judge