IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| "GABRIELLE DOE," | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-14-2367 |
| THE NEW RITZ, INC. *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE LITIGATION

Defendants, The New Ritz, Inc., Ritz of Baltimore, Inc., O.I. Enterprises, Inc., Omid Ilkhan, Joseph J. Soltas, David Hitchiner, Ari Cohen, and Michelle Silver (collectively, "Defendants"), through counsel, submit this Memorandum In Support Of Their Motion To Compel Arbitration And To Dismiss Or Stay The Litigation ("Motion").

For more than a year and a half after she filed this lawsuit alleging violations of the Fair Labor Standards Act ("FLSA") and Maryland Wage and Hour Law ("MWHL"), Plaintiff refused to reveal her identity, even to Defendants and their counsel. Now that the Court has ordered her to do so, Defendants have finally been able to confirm that Plaintiff entered into a valid and binding arbitration agreement and a class and collective action waiver that encompass her claims in this action.

Therefore, in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), the Court should dismiss, or, in the alternative, stay, this lawsuit.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she performed as an exotic dancer at the Ritz Cabaret Gentlemen's Club ("Ritz") beginning in 2012. Compl. (ECF No. 1) ¶¶ 1, 29-30. According to Plaintiff, while she performed at the Ritz, Defendants misclassified her as an independent contractor and, among other things, failed to pay her minimum wage. *Id.* ¶¶ 1-2, 37.

Plaintiff filed her Complaint in this action on July 25, 2014, under the pseudonym "Gabrielle Doe." *Id.* at 1 n.1. In it, she purports to bring an FLSA claim on her own behalf and on behalf of a purported opt-in class of similarly situated exotic dancers under 29 U.S.C. § 216(b) (Count I), and an MWHL claim on her own behalf and on behalf of an opt-out class of exotic dancers under Rule 23 of the Federal Rules of Civil Procedure (Count II). *Id.* ¶¶ 52-95. Although Plaintiff initially refused to reveal her identity, even to Defendants' counsel, she identified herself on February 5, 2016, after she was ordered to do so by the Court. *See* ECF No. 37.

After Plaintiff identified herself, Defendants were able to confirm that she entered into a Dancer Performance Lease ("Lease Agreement") that governed the

terms by which she performed at the New Ritz.[1] In the Lease Agreement, Plaintiff agreed to a broad arbitration provision:

> ANY CONTROVERSY, DISPUTE, OR CLAIM (IN THIS PARAGRAPH 21, COLLECTIVELY "CLAIM") ARISING OUT OF THIS LEASE OR OUT OF ENTERTAINER PERFORMING AT THE CLUB, WHETHER CONTRACTUAL, IN TORT, OR BASED UPON COMMON LAW OR STATUTE, SHALL BE EXCLUSIVELY DECIDED BY BINDING ARBITRATION HELD PURSUANT TO THE FEDERAL ARBITRATION ACT (the "FAA"), AND SHALL BE ADMINISTERED BY A NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES, WHO SHALL BE PERMITTED TO AWARD, SUBJECT ONLY TO THE RESTRICTIONS CONTAINED IN THIS PARAGRAPH 21, ANY RELIEF AVAILABLE IN A COURT. THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY, AND ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL, TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARINGS, AND TO CROSS-EXAMINE WITNESSES. THE PROCEEDINGS SHALL BE CONDUCTED IN ACCORDANCE WITH RUDIMENTARY DUE PROCESS, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW UNDER THE FAA.
>
> FOR ANY CLAIMS BASED UPON STATUTORY PROTECTIONS, THE CLUB SHALL PAY ALL FEES CHARGED BY THE NEUTRAL ARBITRATOR. THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY AND/OR ENFORCEABILITY OF ANY PART OF THIS LEASE, INCLUDING THIS

---

[1] To preserve Plaintiff's anonymity as to the public, Plaintiff's name and other identifying information has been redacted from the attached Lease Agreement. Defendants have provided an unredacted copy of the Lease Agreement to Plaintiff's counsel and will file one under seal with the Court upon request.

> AGREEMENT TO ARBITRATE ANY AND ALL CLAIMS. ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.

Attached hereto as Exhibit 1, ¶ 21(A).

Plaintiff also agreed to waive any right to proceed with claims on a class or collective basis:

> ENTERTAINER AGREES THAT ALL CLAIMS BETWEEN HER AND THE CLUB (AND ANY OTHER PERSONS OR ENTITIES ASSOCIATED WITH THE CLUB) SHALL BE BROUGHT AND MAINTAINED BY HER INDIVIDUALLY; THAT SHE WILL NOT CONSOLIDATE HER CLAIMS WITH THE CLAIMS OF ANY OTHER INDIVIDUAL; THAT SHE WILL NOT SEEK CLASS OR COLLECTIVE ACTION TREATMENT FOR ANY CLAIM THAT SHE MAY HAVE; AND THAT SHE W[I]LL NOT PARTICIPATE IN ANY CLASS OR COLLECTIVE ACTION AGAINST THE CLUB OR AGAINST ANY PERSONS OR ENTITIES ASSOCIATED WITH THE CLUB.  IF AT ANY TIME ENTERTAINER IS MADE A MEMBER OF A CLASS IN ANY PROCEEDING, SHE WILL "OPT-OUT" AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF, ENTERTAINER SHALL WAIVE HER RIGHTS TO ANY SUCH MONETARY RECOVERY.

*Id.* ¶ 21(B).

## II. ARGUMENT

### A. The FAA Mandates Enforcement Of Valid Arbitration Agreements.

The FAA reversed centuries of judicial hostility to arbitration agreements and created a federal policy favoring arbitration. *American Express Co. v. Italian Colors Rest.*, 570 U.S. ___, 133 S. Ct. 2304, 2308-09 (2013); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345-46 (2011); *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 510-511 (1974).

Under the FAA, a provision in a written agreement to settle controversies between the parties by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "strongly favors the enforcement of agreements to arbitrate as a means of securing 'prompt, economical and adequate solution of controversies.'" *Circuit City Stores v. Adams*, 532 U.S. 105, 132 (2001); *see also Moses H. Cone Mem'l Hosp.*, 460 U.S. 1, 29 (1983) (same); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) (same). "There is a clear federal command that courts cannot treat arbitration in general as an inferior or less reliable means of vindicating important substantive rights." *Adkins v. Labor Ready Inc.*, 303 F.3d 496, 502 (4th Cir. 2002). "A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Id.* at 500.

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself *or an allegation of waiver, delay, or a like defense to arbitrability.*" *Id.* (emphasis in original) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25). Indeed, a motion to compel arbitration should not be denied unless it may be said *"with positive assurance"* that the issues are outside the scope of the arbitration clause. *AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986) (emphasis added).

This remains true in the employment context, including claims under the FLSA and similar state wage and hour laws. *See Circuit City*, 532 U.S. at 122-23 (holding that

5

the FAA is applicable to employment contracts); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26-33 (1991) (concluding statutory employment claims could be subject to compulsory arbitration); *Muriithi v. Shuttle Express, Inc.*, 712 F.3d 173 (4th Cir. 2013) (compelling arbitration of FLSA claims); *Adkins*, 303 F.3d at 505-06 (holding that mandatory arbitration is not precluded under the FLSA and compelling arbitration of FLSA claims). It also remains true in the presence of a class or collective action waiver, because the FAA's requirement that courts "'rigorously enforce' arbitration agreements according to their terms" includes "terms that specify *with whom* the parties choose to arbitrate their disputes and the rules under which that arbitration will be conducted." *Italian Colors Rest.*, 133 S. Ct. at 2309 (emphasis in original); *see also Muriithi v. Shuttle Express, Inc.*, 712 F.3d 173, 181 (4th Cir. 2013) (enforcing class action waiver as to claims brought under the FLSA); *Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 257-58 (D. Md. 2014) (compelling arbitration, despite the plaintiff's argument that a collective action waiver was substantively unconscionable).

**B.    The Court Should Compel Arbitration Of Plaintiff's Claims In Accordance With The Lease Agreement's Arbitration Provision.**

"In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant

6

to arbitrate the dispute.'" *Id.* at 500-01 (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)). Each of these four elements is satisfied here.

First, Plaintiff's Complaint demonstrates that there is a dispute between the Parties regarding Plaintiff's classification as an independent contractor and whether she is owed additional payment for the time she spent performing at the New Ritz.

Second, Plaintiff signed a written agreement with an arbitration provision that covers the dispute between the Parties. Specifically, the Lease Agreement covers "any controversy, dispute, or claim" that arises "out of this lease or out of entertainer performing at the club, whether contractual, in tort, or based upon common law or statute." Exhibit 1 ¶ 21(A). Plaintiff's claims arise out of her "performing at the club," because she is claiming that she is owed additional compensation for the time she spent doing so. Additionally, her claims arise out of the Lease Agreement, because, by claiming that she was an employee of Defendants, Plaintiff is challenging the validity of the Lease Agreement, in which "THE PARTIES SPECIFICALLY DISAVOW[ED] ANY EMPLOYMENT RELATIONSHIP BETWEEN THEM." *Id.* ¶ 12(A).

Third, Plaintiff's claims relate to interstate commerce. The Supreme Court has interpreted this requirement to encompass the full scope of Congress' commerce-clause power. *See Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 697 (4th Cir. 2012) (citing *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265-273-77 (1995)). By alleging claims under the FLSA, Plaintiff concedes that her claims are within the scope

7

of Congress' commerce-clause power. *See* Compl. ¶ 24 ("At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).").

Finally, by filing her Complaint in this Court, Plaintiff failed to arbitrate her dispute. Accordingly, the FAA requires that Plaintiff bring her claims in arbitration.

### C. An Arbitrator Must Decide Any Questions Regarding The Enforceability Of The Lease Agreement And Its Arbitration Provision.

To the extent that Plaintiff intends to challenge the enforceability of the arbitration provision in the Lease Agreement, that claim too must be decided in arbitration. Under the FAA, the determination of whether a valid arbitration agreement exists is presumptively left for the courts, but the "parties may eliminate that presumption by providing clear and unmistakable language to the contrary." *AT&T Techs.*, 475 U.S. at 649. "[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010); *see also Meena Enters. v. Mail Boxes Etc., Inc.*, Case No. DKC 12-1360, 2012 U.S. Dist. LEXIS 146406, at *15-20 (D. Md. Oct. 11, 2012). Here, the Parties specifically agreed that "THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY AND/OR ENFORCEABILITY OF ANY PART OF THIS LEASE,

INCLUDING THIS AGREEMENT TO ARBITRATE ANY AND ALL CLAIMS." Exhibit 1 ¶ 21(A).

### D. The Court Should Dismiss Or, In The Alternative, Stay This Litigation Pending Arbitration Of Plaintiff's Claims.

Section 3 of the FAA requires that, if a plaintiff brings an arbitrable claim in federal court, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3. "Notwithstanding the terms of [Section] 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001); *see also Van Horn v. Symantec Corp.*, Case No. GJH-15-1452, 2015 U.S. Dist. LEXIS 167235, at *4-5 (D. Md. Dec. 14, 2015) (granting motion to dismiss where all claims were subject to an arbitration agreement). Here, dismissal is appropriate, because all of Plaintiff's claims are arbitrable. If the Court declines to dismiss this action, however, a stay is mandatory under Section 3 of the FAA.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss, or, in the alternative, stay this action.

Dated: February 24, 2016

Respectfully submitted,

_____/s/_____
Brooks R. Amiot (Bar No. 12148)
Keith D. Hudolin (Bar No. 13688)
Jackson Lewis P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
410.415.2000 (T)
410.415.2001 (F)
brooks.amiot@jacksonlewis.com
keith.hudolin@jacksonlewis.com

Edward L. Cardona III (Bar No. 19302)
Murphy, Falcon & Murphy
One South Street, 23rd Floor
Baltimore, Maryland 21202
(410) 951-8744

*Attorneys for Defendants*