IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| "GABRIELLE DOE," | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-2367 |
| THE NEW RITZ, INC. *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS AND DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE LITIGATION**

Defendants, The New Ritz, Inc., Ritz of Baltimore, Inc., O.I. Enterprises, Inc., Omid Ilkhan, Joseph J. Soltas, David Hitchiner, Ari Cohen, and Michelle Silver (collectively, "Defendants"), through counsel, submit this Reply in support of their Motion To Stay Proceedings ("Motion to Stay") and their Motion to Compel Arbitration and to Dismiss or Stay the Litigation ("Motion to Compel Arbitration") (collectively, the "Motions").

**I.   INTRODUCTION**

Defendants' Motion to Compel Arbitration is based on a simple premise: Plaintiff signed a Dancer Lease Agreement ("Agreement") when she began performing at the Ritz Cabaret that contains a broad arbitration provision and a class and collective action waiver.  Because such agreements are presumptively valid and

enforceable under the Federal Arbitration Act ("FAA"), Plaintiff must pursue her claims against Defendants, if at all, in arbitration.

In her Opposition – filed without leave two and a half weeks after the deadline – Plaintiff does not dispute that she signed the Agreement.  She also cites no cases that would support proceeding in federal court in contravention of the Agreement's arbitration provision.  Indeed, her Opposition does not have any citations at all.  Instead, Plaintiff relies on specious, unsupported arguments, such as the lack of a signature on the Agreement by the Ritz Cabaret and the purported expiration of the Agreement on January 31, 2013, to argue that she needs to conduct discovery and that her claims for the period of February 1, 2013 through August 2014 should proceed in this Court.  As described below, not one of Plaintiff's arguments has merit.  In accordance with the FAA, the Court should dismiss or, in the alternative, stay this action.

## II.    ARGUMENT

### A.    The Court Should Disregard Plaintiff's Untimely Opposition.

Defendants filed the Motions on February 24, 2016.  (ECF Nos. 38 and 39.)  Any opposition briefs were due no later than March 14, 2016, as was indicated on the CM/ECF docket entries.  *See id.*; Local Rule 105.2(a) ("all memoranda in opposition to a motion shall be filed with fourteen (14) days of the service of the motion").  Plaintiff did not file her Opposition until March 31, 2016 – more than two weeks after the deadline.  Plaintiff did not seek an extension and, as of the date of this Reply, has

yet to seek the Court's leave for an untimely filing. In her Opposition, Plaintiff does not explain, or even acknowledge the delay. Accordingly, the Court should disregard Plaintiff's Opposition and treat the Motions as unopposed. *See Wonasue v. University of Md. Alumni Assoc.*, Case No. PWG-11-3657, 2013 U.S. Dist. LEXIS 149437, at *9-29 (D. Md. Oct. 17, 2013) (collecting cases and treating the defendant's summary judgment motion as unopposed where the plaintiff failed to provide a justifiable reason for her failure to file a timely opposition).

### B. Defendants Provide No Basis For Denying The Motion To Compel Arbitration.

Even had the Opposition been timely filed, its substantive arguments are without merit.

#### 1. The Agreement is binding and enforceable.

Plaintiff first claims that the "Agreement is invalid and unenforceable on its surface," because, according to Plaintiff, it "is not dated, is not signed by any official of the 'Club,'" and it does not "identify or define who the 'Club' is specifically." Opposition ¶ 3. This argument is absurd – Plaintiff knew exactly who the "Club" was at the time she signed the Agreement. The Agreement was given to her by The New Ritz, Inc. d/b/a the Ritz Cabaret, and Plaintiff proceeded to perform regularly at the Ritz Cabaret in accordance with the Agreement's terms after she signed the Agreement and returned it to the Ritz Cabaret. Declaration of Omid Ilkhan, attached as Exhibit 1, ¶¶ 2-6.

The fact that the Agreement is not dated is irrelevant. A contract need not be dated to be enforceable. *See, e.g., Pinson v. Moffat*, 70 S.E.2d 359, 359-60 (Ga. 1952). The FAA does not suggest otherwise with respect to agreements containing arbitration provisions; to the contrary, it requires "that such provisions be placed upon the same footing as other contracts." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974). *See also Scott v. Joe Rizza Ford, Inc.*, Case No. 07 C 87, 2007 U.S. Dist. LEXIS 55817, at *5 (N.D. Ill. July 30, 2007) ("[T]he fact that the Arbitration Agreement is undated does not render it invalid.").

Likewise, it is irrelevant that only Plaintiff signed the Agreement when it was presented to her by the Ritz Cabaret. "[O]ne of the most commonsensical principles of all of contract law [is] that a party that voluntarily signs a contract agrees to be bound by the terms of that contract." *Walther v. Sovereign Bank*, 386 Md. 412, 429-30, 872 A.2d 735, 746 (2005). Accordingly, "any written contract, though signed by one party only, binds the other if he accepts the writing." *Auto Outing Co. v. C.E. McFrederick*, 146 Md. 106, 110, 125 A. 886, 887 (1924) (*quoting* 1 Williston, Contracts, §§ 90(a) and 633); *see also Porter v. General Boiler Casing Co., Inc.*, 284 Md. 402, 410, 396 A.2d 1090, 1095 (1979) ("[A] signature is not required in order to bring a contract into existence, nor is a signature always necessary to the execution of a written contract."). Under similar circumstances to those seen here, the Fourth Circuit has confirmed that this basic rule is equally applicable in the context of arbitration agreements. In *Poteat v. Rich Prods. Corp.*, 91 F. App'x 832 (4th Cir. 2004), an employee signed an arbitration

agreement her employer had drafted, and she returned the signed copy to her employer. Although the employer did not sign the agreement, the Fourth Circuit enforced its arbitration provision in accordance with the FAA. *Id.* at 833-835. The employer's signature was simply not necessary. Likewise, the Ritz Cabaret did not need to sign the Agreement for it to be binding on Plaintiff.

## 2. Discovery is neither necessary nor permitted by the FAA.

Plaintiff next claims that she needs discovery "[i]n order to determine whether this Agreement is enforceable and binding on the parties." Opposition ¶ 5. Plaintiff makes no effort, however, to explain what she believes or hopes discovery will show, or how it will support an argument against enforcement of the arbitration agreement. In any event, discovery in this case is neither necessary nor permitted under the FAA.

Plaintiff notably does not dispute that she signed the Agreement when she began performing at the Ritz Cabaret. This is important, because the Agreement contains a delegation clause providing that the arbitrator must decide any gateway questions of arbitrability. (ECF No. 38-2 ¶ 21(A).) "When the parties empower the arbitrator to decide 'arbitrability,' the Court's role is narrowed from deciding whether there is an applicable arbitration agreement to only deciding whether there is a valid delegation clause. *Paduano v. Express Scripts, Inc.*, 55 F. Supp. 3d 400, 423 (E.D.N.Y. 2014). Accordingly, "as a general rule, a court should grant a motion to compel arbitration even if there is a challenge to arbitrability, if (1) there is a written agreement to arbitrate, (2) the agreement to arbitrate is signed by the parties, and (3)

the agreement to arbitrate includes a delegation clause." *Barker v. Fox Den Acres, Inc. (In re Barker)*, 510 B.R. 771, 777 (W.D.N.C. 2014). Here, Plaintiff does not dispute that (1) there is a written agreement, (2) that she signed, (3) that contains a delegation clause. Those undisputed facts end the Court's inquiry. And, once the Court's inquiry is at an end, discovery is no longer permitted, because dismissal or a stay of the action is mandatory under the FAA. *See* 9 U.S.C. § 3.

### 3. The Agreement remained binding on Plaintiff after January 31, 2012.

Plaintiff also argues that "[t]he Agreement does not apply to the time period during which Plaintiff Doe worked at the Ritz Cabaret from January 2013 through August 2014," because Paragraph 1 of the Agreement states that it "ends on the earlier of: A) January 31, 2013; or B) a termination date as provided for in paragraph 18." Opposition ¶ 6. Plaintiff's ongoing performances at the Ritz Cabaret in accordance with the Agreement through August 2014, however, evidence the Parties' intent to extend the term of the Agreement. *See* Exhibit 1 ¶¶ 5-6. That the Parties did not confirm this extension in writing is immaterial:

> Parties who have made an express contract to be in effect for one year (or any other stated time) frequently proceed with performance after expiration of the year without making any new express agreement, of extension or otherwise. From such continued action a court may infer that the parties have agreed in fact to renew the one-year contract for another similar period.

1-1 Corbin on Contracts § 1.19. *See also Pumphrey v. Pelton*, 250 Md. 662, 670, 245 A.2d 301, 305 (1968) ("The conduct of parties to a contract may be evidence of a

subsequent modification of their contract"); *Hawes Office Systems, Inc. v. Wang Labs., Inc.*, 537 F. Supp. 939, 943 (E.D.N.Y. 1982) ("At common law, courts may infer agreement to renew an express contract from continued performance after expiration of a set term."). Accordingly, the Agreement, including its arbitration and class and collective action waiver provisions, remained effective and binding throughout the period in which Plaintiff performed at the Ritz Cabaret.

In any event, any argument that the Agreement did not apply to Plaintiff's performances at the Ritz Cabaret after January 31, 2012, is a gateway question of arbitrability. All such questions in this case must be decided by the arbitrator, in accordance with the Agreement and the FAA. *See* Agreement ¶ 21(A); *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) ("[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.").

### 4. Plaintiff's "fundamental fairness" argument is meritless.

As a last ditch effort, Plaintiff argues that "fundamental fairness" somehow requires that discovery proceed in this Court in contravention of the arbitration agreement and the FAA. This argument has no basis in fact or law. Plaintiff cites no cases in support of this argument and makes no attempt to explain why it would be fundamentally unfair to proceed with her claims on an individual basis in arbitration, in accordance with the Agreement that she voluntarily signed when she began performing at the Ritz Cabaret.

## III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay all proceedings in this action pending resolution of Defendant's Motion to Compel Arbitration and grant Defendant's Motion to Compel Arbitration.

Dated: April 12, 2016                              Respectfully submitted,

/s/
Brooks R. Amiot (Bar No. 12148)
Keith D. Hudolin (Bar No. 13688)
Jackson Lewis P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
410.415.2000 (T)
410.415.2001 (F)
brooks.amiot@jacksonlewis.com
keith.hudolin@jacksonlewis.com

Edward L. Cardona III (Bar No. 19302)
Murphy, Falcon & Murphy
One South Street, 23rd Floor
Baltimore, Maryland 21202
(410) 951-8744

*Attorneys for Defendants*