IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GABRIELLE DOE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-14-2367 |
| THE NEW RITZ, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff "Gabrielle Doe" ("Plaintiff" or "Doe")[1] filed this putative class action lawsuit against Defendants The New Ritz, Inc., Ritz of Baltimore, Inc., O.I. Enterprises, Inc., Omid Ilkhan, Joseph J. Soltas, David Hitchiner, Ari Cohen, and Michelle Silver (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMPL., §§ 3-401 *et seq.* Compl., ECF No. 1.[2] Defendants filed a Motion to Compel Disclosure of Plaintiff's True Identity (ECF No. 26), which this Court granted via Memorandum Order dated February 5, 2016 (ECF No. 37)[3]. Currently pending before this Court are Defendants' Motion to Compel Arbitration and to Dismiss or Stay the Litigation (ECF No. 38) and separate Motion to Stay Proceedings (ECF No. 39), pending resolution of

---

[1] "Gabrielle Doe" is a pseudonym that Plaintiff has adopted to avoid retaliation. *See* Compl., p. 1, n. 1, ECF No. 1; Mem. Op., p. 1, n. 1, ECF No. 11.
[2] This case was initially assigned to Judge William D. Quarles of this Court, but was reassigned to the undersigned Judge Richard D. Bennett on January 14, 2016, upon Judge Quarles' retirement.
[3] This Court also instructed the parties to submit a proposed protective order by February 22, 2016 to address Plaintiff's legitimate fears of physical and emotional retaliation. *See* Mem. Order, p. 6, ECF No. 37. As of the date of this Memorandum Order, the parties have not submitted a proposed protective order.

the Motion to Compel Arbitration. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated herein, Defendants' Motion to Compel Arbitration and to Dismiss the Litigation (ECF No. 38) is GRANTED. Accordingly, the parties will proceed to arbitration, and the Complaint is Dismissed.[4]

## **BACKGROUND**

The background facts of this action were set forth fully in Judge Quarles' Memorandum Opinion of July 14, 2015 (ECF No. 11). To summarize, Doe alleges that she worked as an exotic dancer at Ritz Cabaret Gentleman's Club ("Ritz Cabaret"), owned and operated by Defendants, from January of 2012 to August of 2014. Mem. Op., p. 2, ECF No. 11. Although classified as an independent contractor by Defendants, Doe asserts that she and other exotic dancers were employees. *Id.* at 2, n. 7. Doe allegedly worked fifty-five hours per week, but did not receive minimum wage for all hours worked or duties performed. *Id.* at 2. Instead, Defendants forced Doe to pay certain charges, fees, and fines for, *inter alia*, music, VIP access, and late arrival, before even beginning her work shift. *Id.* Because of these deductions, Plaintiff alleges that she "receiv[ed] negative wages." *Id.* at 3.

Doe, under the present pseudonym, filed this action on July 25, 2014, alleging repeated violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMPL. §§ 3-401 *et seq.* Compl., ECF No. 1. Shortly thereafter, Defendants moved to dismiss the Complaint, arguing that Plaintiff should not be permitted to proceed under a pseudonym. *See* Mot. to Dismiss, ECF

---

[4] Because Defendants' Motion to Compel Arbitration and to Dismiss the Litigation (ECF No. 38) is now granted, Defendants' Motion to Stay Proceedings pending resolution of that Motion (ECF No. 39) is MOOT.

No. 9.  Doe subsequently filed an affidavit (ECF No. 10-2) to accompany her opposition (ECF No. 10), in which she articulated her substantial fear of physical and mental retaliation by the Defendants.  Judge Quarles of this Court[5] ultimately denied Defendants' Motion, thereby permitting Plaintiff to proceed anonymously. *See* Mem. Op., ECF No. 11; Order, ECF No. 12.  Subsequently, Defendants filed a Motion to Compel Disclosure of Plaintiff's True Identity (ECF No. 26), which this Court granted via Memorandum Order dated February 5, 2016 (ECF No. 37), upon reassignment to the undersigned.  Having verified Doe's real name, counsel for Defendants now have sufficient information to contend that she "entered into a valid and binding arbitration agreement and a class and collective action waiver that encompass her claims in this action."  Mem. Supp. Mot. to Compel, p. 1, ECF No. 38-1.  Accordingly, Defendants have filed a Motion to Compel Arbitration and to Dismiss or Stay the Litigation (ECF No. 38) and a separate Motion to Stay Proceedings (ECF No. 39), pending resolution of the Motion to Compel Arbitration.

## STANDARD OF REVIEW

Defendants have brought the pending Motion to Compel Arbitration (ECF No. 38) pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*.  The United States Court of Appeals for the Fourth Circuit reiterated this month that the standard of review on a Motion to Compel Arbitration, pursuant to the FAA, is " 'akin to the burden on

---

[5] As stated *supra*, this case was initially assigned to Judge William D. Quarles of this Court, but was reassigned to the undersigned Judge Richard D. Bennett on January 14, 2016, upon Judge Quarles' retirement.

summary judgment.' "[6]  *Galloway v. Santander Consumer USA, Inc.*, __ F.3d __, No. 15-1392, 2016 WL 1393121, at *4 (4th Cir. Apr. 8, 2016) (quoting *Chorley Enterprises, Inc. v. Dickey's Barbecue Restaurants, Inc.*, 807 F.3d 553, 564 (4th Cir. 2015)).  "Under the FAA, 'the party seeking a jury trial must make an unequivocal denial that an arbitration agreement exists—and must also . . . provide sufficient evidence in support of its claims such that a reasonable jury could return a favorable verdict under applicable law . . . . [T]o obtain a jury trial, the parties must show genuine issues of material fact regarding the existence of an agreement to arbitrate.' "

## ANALYSIS

Defendants contend that Plaintiff entered into a Dancer Performance Lease ("Lease Agreement"), which governed her performances at the Ritz Cabaret.  Paragraph 21 of the Lease Agreement included the following arbitration provision:

> ANY CONTROVERY, DISPUTE, OR CLAIM (IN THIS PARAGRAPH 21, COLLECTIVELY "CLAIM") ARISING OUT OF THIS LEASE OR OUT OF ENTERTAINER PERFORMING AT THE CLUB, WHETHER CONTRACTUAL, IN TORT, OR BASED UPON COMMON LAW OR STATUTE, SHALL BE EXCLUSIVELY DECIDED BY BINDING ARBITRATION HELD PURSUANT TO THE FEDERAL ARBITRATION ACT (the "FAA"), AND SHALL BE ADMINISTERED BY A NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES, WHO SHALL BE PERMITTED TO AWARD, SUBJECT ONLY TO THE RESTRICTIONS CONTAINED IN THIS PARAGRAPH 21, ANY RELIEF AVAILABLE IN A COURT.  THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CLAIMS IN A COURT OF LAW, AND

---

[6] Although the Fourth Circuit has characterized the standard of review on a Motion to Compel Arbitration as "*akin to* the burden on summary judgment," the pending motion will not be converted to or treated as a motion for summary judgment.  On the contrary, the remedies available to a defendant moving to compel arbitration are limited to a stay or dismissal of the action.  *See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("[T]he FAA requires a district court, upon motion by any party, to stay judicial proceedings involving issues covered by written arbitration agreements [citing 9 U.S.C. § 3] . . . . Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.  [citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)].")

WAIVE THE RIGHT TO TRIAL BY JURY. . . . THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY AND/OR ENFORCEABILITY OF ANY PART OF THIS LEASE, INCLUDING THIS AGREEMENT TO ARBITRATE ANY AND ALL CLAIMS. Lease Agreement, Def. Ex. 1, ¶ 21(A), ECF No. 38-2.

The agreement also included the following waiver of any right to proceed with claims on a class or collective basis:

> ENTERTAINER AGREES THAT ALL CLAIMS BETWEEN HER AND THE CLUB (AND ANY OTHER PERSONS OR ENTITIES ASSOCIATED WITH THE CLUB) SHALL BE BROUGHT AND MAINTAINED BY HER INDIVIDUALLY; THAT SHE WILL NOT CONSOLIDATE HER CLAIMS WITH THE CLAIMS OF ANY OTHER INDIVIDUAL; THAT SHE WILL NOT SEEK CLASS OR COLLECTIVE ACTION TREATMENT FOR ANY CLAIM THAT SHE MAY HAVE; AND THAT SHE W[I]LL NOT PARTICIPATE IN ANY CLASS OR COLLECTIVE ACTION AGAINST THE CLUB OR AGAINST ANY PERSONS OR ENTITIES ASSOCIATED WITH THE CLUB. IF AT ANY TIME ENTERTAINER IS MADE A MEMBER OF A CLASS IN ANY PROCEEDING, SHE WILL "OPT-OUT" AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF, ENTERTAINER SHALL WAIVE HER RIGHTS TO ANY SUCH MONETARY RECOVERY. *Id.* at ¶ 21(B).

Accordingly, Defendants request that this Court compel arbitration of Plaintiff's claims in accordance with this Lease Agreement and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* *See* Mem. Supp. Mot. to Compel, p. 6, ECF No. 38-1.

The United States Court of Appeals for the Fourth Circuit this month reiterated that the Federal Arbitration Act provides, with limited exceptions, that " '[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable.' " *Galloway v. Santander Consumer USA, Inc.*, __F.3d __, No. 15-1392, 2016 WL 1393121, at *4 (4th Cir.

Apr. 8, 2016) (quoting 9 U.S.C. § 2). A party seeking to apply the FAA must demonstrate four elements: " '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.' " *Id.* (quoting *Rota–McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 n. 6 (4th Cir. 2012)). For the following reasons, Defendant has satisfied all four elements.

Plaintiff does not dispute that the first element is satisfied. The allegations in Plaintiff's Complaint plainly indicate a dispute between the parties arising out of Plaintiff's performing at the Ritz Cabaret. With respect to the second element, Plaintiff does not dispute that she signed the Lease Agreement quoted above. The Lease Agreement purports to cover "any controversy, dispute or claim" that arises "out of this lease or out of entertainer performing at the club, whether contractual, in tort, or based upon common law or statute." Lease Agreement, Def. Ex. 1 at ¶ 21(A), ECF No. 38-2. Here, Plaintiff's claims clearly arise out of her "performing at the club" because she alleges violations of state and federal labor laws by the Ritz Cabaret during the time that she performed for the club and seeks unpaid wages in connection with those performances. Therefore, the agreement "purports to cover" the dispute. Additionally, Plaintiff does not dispute that the third element is satisfied. Plaintiff has effectively conceded that her performances at the Ritz Cabaret related to interstate commerce by alleging that "[a]t all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1))." *See Rota-McLarty*, 700 F.3d at 697 (The FAA's

6

reach "is broad . . . [t]he Supreme Court has interpreted this provision as exercising the full scope of Congress'[] commerce-clause power.") (quoting *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-77 (1995)).  Finally, by bringing her claims in this Court, Plaintiff has failed to arbitrate the dispute, satisfying the fourth element.

In opposition to the pending Motion to Compel Arbitration, Plaintiff does not dispute that the Lease Agreement is genuine or that she signed it.  *See* Pl. Response, ECF No. 40.  Rather, she argues that "[t]he Agreement is invalid and unenforceable on its surface [because] [it] . . . is not dated, is not signed by any official of the 'Club,' nor does the Agreement identify or define who the 'Club' is specifically.  It is unclear whether the 'Club' refers to the Ritz Cabaret."  *Id.* at ¶ 3.  Plaintiff objects that "Defendants did not support their Motions with any Affidavits that would shed light on these fatal omissions from the Agreement."  *Id.*  Furthermore, Plaintiff contends that "[t]he Agreement does not apply to the time period during which [she] worked at the Ritz Cabaret from January 2013 through August 2014."  *Id.* at ¶ 6.  "Paragraph 1" of the Lease Agreement, "titled 'Leasing of Premises,' states in pertinent part 'This Lease begins today, and ends on the earlier of: A) January 31, 2013; or B) a termination date as provided for in paragraph 18.'  Paragraph 18 is a termination clause that does not provide a specific date when the Agreement ends."  *Id.*  Accordingly, Plaintiff argues that the Lease Agreement *does not* apply to her claims to the extent she alleges federal and state labor law violations *after* January 31, 2013.  *Id.*

"[A]rbitrability is at bottom a question of contract interpretation[7]; a party cannot be required to arbitrate a dispute if it has not contractually agreed to do so . . . [and] [s]tate contract law determines the validity of an arbitration agreement." *Sierra Roach*, 2015 WL 8479195, at *3. However, Plaintiff cites no case law in support of her position that her claims should be adjudicated in this Court. Rather, she raises a series of meritless attacks on the construction of the Lease Agreement.[8]

First, the fact that the Lease Agreement is not dated does not render it invalid or unenforceable. *See* 17A Am. Jur. 2d Contracts § 172 ("A written instrument is presumed to be executed on the date specified upon it. Although a contract should be dated, one not bearing a date can be sustained as valid and binding, . . ."); *N. S. Stavrou, Inc. v. Beacon Elec. Supply Co.*, 240 A.2d 278, 281 (Md. 1968) (declining to decide whether undated *and unsigned* contract was binding, but suggesting that it was); *see also Scott v. Joe Rizza Ford, Inc.*, No. 07 C 87, 2007 WL 2225904, at *2 (N.D. Ill. July 30, 2007)("[T]he fact that the Arbitration Agreement is undated does not render it invalid."). Plaintiff cites no authority to the contrary. Accordingly Plaintiff's first argument fails.

Second, the fact that only Plaintiff signed the Lease Agreement does not render it invalid or unenforceable. As the Fourth Circuit held in this month's opinion of *Galloway v.*

---

[7] "When deciding whether the parties agreed to arbitrate a certain matter . . ., courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *Galloway*, 2016 WL 1393121 at *4 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Here, all of the parties are either Maryland residents or corporations organized under the laws of Maryland and doing business in Maryland. All events alleged in the Complaint occurred in Maryland. Additionally, the parties have not referred to any state law other than Maryland law. Therefore, this Court will apply Maryland contract law.

[8] Additionally, Plaintiff's Response brief was untimely. Defendants filed the pending motions on February 24, 2016. In accordance with Local Rule 105.2(a) (D. Md. 2014), the Clerk of this Court directed the Plaintiff to respond to the pending motions within fourteen days of service. However, Plaintiff's Response was not filed until March 31, 2016, more than two weeks after the deadline. At no time has Plaintiff filed a motion for extension of time to file. Nevertheless, this Court has considered Plaintiff's Response.

*Santander Consumer USA, Inc.*, __F.3d __, No. 15-1392, 2016 WL 1393121, at *4 (4th Cir. Apr. 8, 2016), an "arbitration agreement was a term of a contract that the parties entered into" where one party had not signed the contract, but "no term in the [agreement] indicated that [the party's] signature was necessary." *Galloway*, 2016 WL 1393121 at *6. "[F]ormation of a contract does not require the parties' signatures 'unless the parties have made them necessary at the time they expressed their assent and as a condition modifying that assent." *Galloway*, 2016 WL 1393121 at *7 (quoting *Porter v. General Boiler Casing Co.*, 396 A.2d 1090, 1095 (Md. 1979)). *See also Auto Outing Co. v. C.E. McFrederick*, 125 A. 886, 887 (Md. 1924) (" 'Any written contract, though signed by one party only, binds the other if he accepts the writing' ") (quoting 1 Williston, Contracts, §§ 90(a) and 633). Here, it is undisputed that both parties intended to be bound by the Lease Agreement and that Defendants accepted the agreement after Plaintiff signed it. In an affidavit appended to Defendants' Reply brief, Defendant Omid Ilkhan indicates that "Plaintiff signed the Agreement and returned it to the Ritz in 2012 before she began dancing at the Ritz . . . [and that] [o]nce Plaintiff signed the Agreement, [Ilkhan] considered the terms of the Agreement to be binding on both Plaintiff and the Ritz." Ilkhan Aff. at ¶ 4, ECF No. 41-1. Plaintiff has made no representations to the contrary. Therefore, Plaintiff's second argument fails.[9]

Finally, the fact that the Lease Agreement's end date was January 31, 2013 does not mean that the agreement is inapplicable to the parties' relationship after that date. There is no indication that the parties terminated their relationship after January 31, 2013 or had any

---

[9] Plaintiff's objection that "the Club" does not refer to the Ritz Cabaret is equally unavailing. There is no dispute that Plaintiff performed at the Ritz Cabaret and was required to enter into the Lease Agreement prior to her first performance at the Ritz Cabaret. Plaintiff has provided no evidence that "the Club" refers to a club other than the Ritz Cabaret, nor has she suggested that it might refer to a different club.

conversation or communication whatsoever about changing the terms of the Lease Agreement after that date.  On the contrary, Plaintiff admits that she continued to perform at the Ritz Cabaret through August of 2014.  *See* Compl., ECF No. 1; Pl. Response at ¶ 6, ECF No. 40.  Additionally, Defendant Omid Ilkhan, an owner of the Ritz Cabaret, states in his affidavit that "Plaintiff continued to perform at the Ritz until August 2014, and the Ritz understood that Plaintiff's continued performances beyond January 31, 2013 extended the term of the Agreement."  Ilkhan Aff. at ¶ 5, ECF No. 41-1.

As this Court earlier noted in *Labrecque v. Sunbird Boat Co.*, 873 F. Supp. 946, 950 (D. Md. 1994), several courts, including the Court of Appeals of Maryland, have dealt with cases "in which the parties have contracted for a definite period of time, and then continued their relationship after that period without any express statements or agreements."  *Labreque*, 873 F. Supp. at 950 (citing *E.G. Brandenburg v. S.F. & G. Co.*, 114 A.2d 604 (Md. 1955); *Smith v. Central Soya of Athens, Inc.*, 604 F. Supp. 518, 528 (E.D.N.C. 1985); *Travelers Insurance Company v. Parker*, 47 A. 1042 (Md. 1900)).  "Without any express statements continuing the relationship or terminating it, courts have construed the lack of expression to mean that the parties intended to continue under the old contract."  *Id.*  This Court earlier acknowledged this same principle, often called "implied renewal," in *Wineland v. Cty. Comm'rs of Dorchester Cty.*, 892 F. Supp. 719, 722, n. 12 (D. Md. 1995) ("plaintiff might have a breach of contract claim which . . . could perhaps be based upon the argument that because the contract was not expressly terminated, it was implicitly renewed.").  Furthermore, "North Carolina courts have recognized the implied renewal of contracts by the continued performance of the parties."  *Mato v. Window World, Inc.*, No. 5:11-CV-40, 2011 WL 1500089, at *3 (W.D.N.C.

Apr. 19, 2011) (citing, *inter alia*, *Smith*, 604 F. Supp., 528 (E.D.N.C. 1985)). For these reasons, the Lease Agreement applies to Plaintiff's performances through August of 2014.[10] The Lease Agreement is valid and enforceable, and governs Plaintiff's claims in this action. Therefore, the parties will proceed to arbitration in accordance with the Lease Agreement's arbitration provisions.[11]

Defendant has requested that this case be dismissed or, in the alternative, stayed. Mem. Supp. Mot. to Compel, p. 9, ECF No. 38-1. Section 3 of the FAA require that, where a court is satisfied that a suit or proceeding is referable to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. "Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F. 3d 707, 709-10 (4th Cir. 2001). Recently, this Court in *Van Horn v. Symantec Corp.*, No. GJH-15-1452, 2015 WL 8751411, at *2 (D. Md. Dec. 14, 2015), dismissed a case where all claims were subject to a binding arbitration agreement. Additionally, this Court in *Galloway v. Santander Consumer USA, Inc.*, No. CIV. CCB-13-3240, 2014 WL 4384641, at *5 (D. Md. Sept. 3, 2014),

---

[10] To the extent Plaintiff objects to the pending Motion to Compel on the grounds of "fundamental fairness," that argument also fails. She raises no objections to the arbitration agreement other than those rejected herein and, as stated *supra*, fails to cite any case law in support of her contentions.

[11] Plaintiff has requested discovery "so that more facts can be gathered to determine whether [the Lease Agreement] is valid and enforceable." Pl. Response at ¶ 7, ECF No. 40. However, for the reasons stated *supra*, Plaintiff has failed to raise a genuine issue of material fact. She has offered no factual evidence to support her bald attacks on the contract. *See Sierra Roach v. Navient Solutions, Inc.*, No. JKB-15-1974, 2015 WL 8479195, at *5 (D. Md. Dec. 10, 2015) (declining to grant Plaintiff discovery on the threshold question of arbitrability where she claimed that no arbitration agreement was signed, but failed to proffer "an affidavit, a declaration, or some other admissible evidence" to support her position.). Accordingly, Plaintiff's request for discovery is denied.

aff'd, No. 15-1392, 2016 WL 1393121 (4th Cir. Apr. 8, 2016), granted a motion to compel arbitration and stayed the case, but later, upon Plaintiff's motion, dismissed the case. *See* Order, *Galloway v. Santander*, No. CCB-13-3240, ECF No. 31.[12]  Here, while Plaintiff objects to the validity and enforceability of the Lease Agreement as a whole, she does not contend that, if the agreement is enforced, any of her specific claims against Defendants are beyond the scope of the Lease Agreement's binging arbitration provision.  As explained *supra*, all of Plaintiff's claims clearly arise out of her "performing at the club" because she alleges violations of state and federal labor laws by the Ritz Cabaret during the time that she performed for the club and seeks unpaid wages in connection with those performances.  Because all of Plaintiff's claims are government by the Lease Agreement's binding arbitration provision, the Complaint is dismissed.  Accordingly, Defendants' Motion to Compel Arbitration and to Dismiss the Litigation (ECF No. 38) is GRANTED.

## **CONCLUSION**

For the foregoing reasons, it is this 25th day of April, 2016, ORDERED that:

1. Defendants' Motion to Compel Arbitration and to Dismiss the Litigation (ECF No. 38) is GRANTED;

2. Defendants' Motion to Stay Proceedings (ECF No. 39) is MOOT;

3. The parties will proceed to arbitration;

4. Plaintiff's Complaint is DISMISSED;

---

[12] This Court in *Galloway* noted that "[T]he opinion in *Choice Hotels Intern. v. BSR Tropicana Resort*, 252 F.3d 707, 709-10 (4th Cir. 2001) recognizes the authority of the district court to dismiss 'when all of the issues presented in a lawsuit are arbitrable' as they are here.  Galloway prefers the option of dismissal, which provides her a final rather than interlocutory order, and I see no reason to retain jurisdiction." *See* Order, *Galloway v. Santander*, No. CCB-13-3240, ECF No. 31.  This Court follows the same process, thereby affording the Plaintiff a final rather than interlocutory order if she seeks to file an immediate appeal of this Court's opinion to the United States Court of Appeals for the Fourth Circuit.

5. The Clerk of this Court transmit copies of this Memorandum Order to Counsel; and

6. The Clerk of this Court close this case.

_____/s/_____
Richard D. Bennett
United States District Judge
